UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUSSELL C. COLE,<br><br>           Plaintiffs,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner, Social Security Administration,<br><br>           Defendant. | Case No.: 5:12-CV-04406-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket Nos. 12, 13]** |

Plaintiff Russell C. Cole brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain review of the Social Security Administration's final decision finding Plaintiff "not disabled" and denying his claim for disability benefits. Plaintiff seeks an order reversing the final decision of the Administration and awarding benefits, or alternatively remanding for further administrative proceedings. Presently before the Court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the Court grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

1

## I. BACKGROUND

### a. Procedural History

On March 17, 2006, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning January 24, 2005. Administrative Record ("AR") at 172. The claim was denied initially on June 26, 2006, and again upon reconsideration on March 9, 2007. Id. Thereafter, Plaintiff filed a request for hearing on April 24, 2007. Id. Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Thomas J. Gaye on June 12, 2008. Id. at 172-78. Plaintiff, represented by attorney Harvey P. Sackett, testified on his own behalf. Id. at 172. Judge Gaye also heard testimony from vocational expert ("VE") Thomas Linvill, who testified that Plaintiff would be able to perform the requirements of representative occupations such as a security guard and parking lot attendant. Id. at 177. In a written decision dated July 25, 2008, Judge Gaye found, after recounting the medical evidence and testimony, that Plaintiff was not disabled. Id.

Subsequently, Plaintiff asked the Appeals Council to review the July 25, 2008 decision. Id. at 181. In connection with the request for review, Plaintiff submitted the consultative narrative report of Dr. Martin L. Fishman, dated July 14, 2008. Id. The Appeals Council vacated the decision and remanded the case for further proceedings in an order dated April 12, 2010. Id. at 181-82. In its remand order, the Appeals Council directed the ALJ to consider the report of Dr. Fishman and resolve issues pertaining to the subject matter of Plaintiff's residual functional capacity ("RFC"). Id.

On remand, Plaintiff, appeared and testified at a hearing held on December 1, 2010 before ALJ Regina L. Sleater. Id. at 34-44. Attorney Betty Herrera, a partner of Mr. Sackett, appeared on behalf of Plaintiff. Id. at 128. Also appearing were W. Benton Boone, MD, a medical expert, and Darlene T. McQuary, a VE. Id. Judge Sleater asked McQuary whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. Id. at 43. McQuary testified that Plaintiff would be able to perform a number of occupations such as usher/ticket taker and agricultural sorting and grading. Id.

1    In a decision dated January 25, 2011, Judge Sleater concluded that Plaintiff was not
2    disabled. Id. at 44. Judge Sleater concluded that, based on the testimony of the VE and the record,
3    Plaintiff was capable of making a successful adjustment to other work that exists in significant
4    numbers in the national economy. Id. Plaintiff's application for a period of disability and
5    disability insurance benefits was denied. Id.

6    After the decision was issued, Plaintiff filed another request for review of the ALJ's
7    decision with the Appeals Council. Id. at 27-30. The Appeals Council denied review on July 24,
8    2012. Id. at 1. The ALJ's decision became final, and Plaintiff then commenced this action for
9    judicial review.

### b. Plaintiff's Age and Educational, Vocational, and Medical History

Plaintiff was born on March 1, 1949. Id. at 175. He was 55 years old on the alleged onset date of the disability. Id. He has a high school education plus two years of college. Id. Plaintiff's past work experience consists of 25 years as a division supervisor for public transportation. Id. at 218. Plaintiff's longitudinal medical record shows a history of treatment for ocular myasthenia since 1982. Id. at 37. Over the years, Plaintiff's condition was managed with steroids and generally involved partial ptosis of the eye. Id.

On June 10, 2006, Charles Fracchia, M.D. performed an internal medicine consultative evaluation. Id. at 175. Plaintiff's chief complaint was that he could not lift his left eyelid and his vision was limited to his right eye only. Id. He reported that initially his right eyelid closed for approximately one year and then opened but in November 2005 his left eyelid closed. Id. Plaintiff reported that he started taking prednisone in 1984 and that it helped him for about 22 years. Id. He said that he has not been on medication since November 2005. Id. On examination, his left eye vision was 20/200 and right eye vision was 20/30. Id. He had obvious lid droop on his left eye completely obscuring his pupil. Id. Dr. Fracchia diagnosed left lid droop secondary to myasthenia gravis. Id. Dr. Fracchia found that Plaintiff was unlimited in sitting, standing, and walking, could lift 50 pounds occasionally and 25 pounds frequently, and had no postural limitations. Id. at 176. With regards to visual limitations, Dr. Fracchia found that Plaintiff can only see through his right

eye with no vision practically in his left eye and complains that his vision tires very quickly when he uses his right eye alone. Id.

A Disability Determinations Services ("DDS") physician reviewed Plaintiff's medical records and found that Plaintiff had no exertional limitations and was limited to activities that do not require good bilateral vision. Id. However, on reconsideration a DDS physician felt that, because Plaintiff has 20/30 vision in his right eye, Plaintiff was unlimited with the only limitation of avoiding activities requiring good binocular vision such as commercial flying and commercial driving. Id.

On March 20, 2008, Plaintiff was characterized as having become steroid resistant to the benefits of steroid use for this condition. Id. at 37. On April 1, 2008, Plaintiff was examined by an ophthalmologist at Kaiser Permanente Medical Center. Id. At the time, Plaintiff's visual acuity was 20/20 in the right eye and 20/20 in the left eye with the eyelid up. Id. Plaintiff was diagnosed with having presbyopia and total ptosis of the left eye. Id. Plaintiff's treatment consisted of getting over the counter eyeglasses for each eye to read the computer screen and to otherwise wear prescribed glasses. Id. The record documented that Plaintiff's vision was correctible in the left eye. Id. At the time, there was no other documented pathology which affected the left or right eye. Id.

## II. LEGAL STANDARD

### a. Standard for Reviewing the ALJ's Decision

Pursuant to 42 U.S.C. § 405(g), the Court has authority to review an ALJ decision. The Court's jurisdiction, however, is limited to determining whether the denial of benefits is supported by substantial evidence in the administrative record. Id. A district court may only reverse the ALJ decision if it is not supported by substantial evidence or if the decision was based on legal error. Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence" is more than a scintilla, but less than a preponderance. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The standard requires relevant evidence that a "[r]easonable mind might accept as adequate to support a conclusion." Vertigan, 260 F.3d at 1049 (citing Richardson v. Perales, 402

4
Case No.: 5:12-CV-04406-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

U.S. 389, 401 (1971)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). The Court must uphold the ALJ's conclusion if it is one of several rational interpretations of the evidence. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

### b. Standard for Determining Disability

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must also be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005). If the claimant proves a prima facie case of disability, then the Commissioner has the burden of establishing that she can perform "a significant number of other jobs in the national economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

The ALJ evaluates Social Security disability cases using a five-step evaluation process. 20 C.F.R. §§ 404.1520, 416.920.

1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments, 20 C.F.R. §§ 20 C.F.R. § 404.1520(d), 416.920(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If he cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### III. DISCUSSION

Plaintiff requests that this Court reverse the ALJ's final decision and remand the case to the Social Security Administration for an award of benefits. See Docket Item No. 12, Pl's Mot. for Summ. J. Alternatively, Plaintiff requests that this case be remanded for further administrative proceedings to re-adjudicate the issues. Id. Plaintiff does not challenge the ALJ's determinations at steps one through four of the evaluation process; at issue here is the ALJ's conclusion at step five. Id.

### a. The ALJ Properly Relied on the Vocational Expert's Testimony in Finding that Plaintiff Could Perform Alternate Occupations

Substantial evidence in the record supports the ALJ's conclusion at step five that, considering the Plaintiff's age, education, experience, and RFC, there exist a significant number of jobs in the national economy that Plaintiff can perform. The burden of demonstrating that a claimant can perform alternate occupations can be met by asking the VE a hypothetical question that reflects all of the claimant's limitations. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.

6

2005).  When a VE considering all of the claimant's restrictions testifies that a claimant could perform specific jobs in significant numbers in the economy, the Commissioner has met his burden.  Id.

To determine whether Plaintiff was able to perform alternate occupations, the ALJ asked VE McQuary a series of hypotheticals that encompassed Plaintiff's limitations.  AR at 158-62.  McQuary testified that someone with Plaintiff's RFC would be able to perform jobs such as agricultural sorting and grading, Dictionary of Occupational Titles (DOT) 529.687-186 and usher, DOT 344.677-014.  Id. at 160-61.  McQuary stated that there were approximately 1,500 local and 500,000 national agricultural sorting and grading jobs and approximately 10,000 local and 102,330 national usher jobs.  Id.  No explanation was provided as to how she had arrived at these numbers, and neither the ALJ nor Plaintiff's counsel asked McQuary to provide one.  Id. at 156-66.  Based on McQuary's testimony and the record, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Id. at 44.

Plaintiff objects to the ALJ's reliance on McQuary's testimony because, Plaintiff alleges, McQuary's testimony was "equivocal" and "tentative and indefinite."  Pl's Mot. for Summ. J at 14, 16.  When asked by Plaintiff's counsel whether Plaintiff would have an issue performing the agricultural sorting job because of objects coming from the left, McQuary responded that it was "impossible to say" but acknowledged that if the job involved an assembly line "there could be instances where something might be coming from the left."  AR at 162.  When asked if Plaintiff would have an issue performing the usher job because of Plaintiff's lack of depth perception, McQuary responded that "[i]t would depend on the setup . . . [b]ut, if it is a very steep kind of seating arrangement, that could be a problem."  Id. at 163.

Plaintiff fails to mention that, further in the testimony, the ALJ directly questioned McQuary as to whether Plaintiff could perform the agricultural sorting and usher jobs.  Id. at 165.  McQuary unequivocally answered in the affirmative.  Id.  Plaintiff does not dispute the accuracy of the hypothetical question the ALJ posed to the vocational expert.  Thus, the vocational expert's

testimony in response to the ALJ's complete hypothetical question, without more, was substantial evidence supporting the ALJ's determination that plaintiff was able to perform work which exists in significant numbers in the national economy. See Bayliss, 427 F.3d at 1218 ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). Furthermore, Plaintiff's objection to McQuary's testimony is at most an interpretation of the evidence that differs from the ALJ's. For this Court to adopt Plaintiff's interpretation and reverse the ALJ's decision would exceed this Court's authority. Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Therefore, this Court finds that McQuary's testimony constituted substantial evidence for the ALJ's finding that Plaintiff has the ability to perform alternate occupations.

### b. The New Evidence Submitted to the Appeals Council does not Render the ALJ's Decision Unsupported by Substantial Evidence

Following the ALJ's decision denying benefits, Plaintiff submitted to the Appeals Council a consultative vocational report written by Malcolm Brodzinsky. Pl's Mot. for Summ. J. at 13. Brodzinsky's report asserts that someone with Plaintiff's RFC would be unable to perform either of the jobs identified in McQuary's testimony. AR at 263. The Appeals Council denied review, noting that it had considered the additional evidence submitted by Plaintiff, but that this information did not provide a basis for changing the ALJ's decision. Id. at 1–5. In determining whether to grant review, the Appeals Council must consider any new and material evidence submitted to it relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(b). When, as here, the Appeals Council does consider the additional evidence but denies review, the additional evidence becomes part of the administrative record for purposes of this Court's analysis. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161–63 (9th Cir. 2012). Thus, this Court must engage in an "overall review" of the ALJ's decision, including the new evidence, to determine whether the decision was "supported by substantial evidence" and was "free of legal error." Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011).

Brodzinsky's report differs from McQuary's testimony primarily in two respects. First, Brodzinsky asserts that there exist generally fewer agricultural sorting and usher jobs, regionally and nationally, than did McQuary's testimony. AR at 264-68. Second, Brodzinsky asserts that both the agricultural sorting and usher jobs, "based upon the physical requirements of the job[s] as usually performed," would not be appropriate for an individual with Plaintiff's RFC. Id. at 265-67. Regarding the agricultural sorting job, Brodzinsky states that there could be problems for Plaintiff if the job involved a conveyer belt or if Plaintiff would be faced with objects arriving from the left, but Brodzinsky "was unable to obtain actual information on this." Id. at 267. Regarding the usher job, Brodzinsky stated that ushers typically walk in darkened environments and could trip over objects on the left or have difficulty observing customers or employees approaching from the left. Id. at 264.

This Court is not convinced that Brodzinsky's report renders the ALJ's decision unsupported by substantial evidence. An ALJ may properly rely on a VE's testimony regarding occupational issues. See 20 C.F.R. § 416.966(e) (authorizing ALJs to rely on vocational expert testimony to determine occupational issues); Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001) (testimony of qualified vocational expert constitutes substantial evidence). Additionally, the Ninth Circuit has held that where the ALJ relies on proper evidence in concluding that there are jobs in the national economy that a claimant can perform, the Appeals Council is free to reject contradictory evidence obtained after an adverse administrative decision. See Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996) (finding that the Appeals Council appropriately rejected the report of claimant's vocational expert, which stated that no jobs were available that claimant could perform, when the ALJ had properly relied on the Medical–Vocational Guidelines to find that such jobs did exist).

Furthermore, Brodzinsky's report contains little new information that the ALJ did not already consider. During cross-examination, McQuary was asked whether the Plaintiff may have problems performing the job of agricultural sorter because of objects coming from the left. AR at 162. McQuary was also questioned as to whether the usher job may be a problem because of

9

Case No.: 5:12-CV-04406-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's difficulty with depth perception. Id. at 163. There is no indication that Brodzinsky had any better an understanding of Plaintiff's limitations than did McQuary or that McQuary was less qualified than Brodzinsky. In fact, Brodzinsky's only source of information regarding Plaintiff appears to be the 11-page decision of the ALJ. Id. at 263.

At best, Plaintiff has presented evidence sufficient to support an alternative finding regarding the number of relevant jobs available in the economy. That is not enough to warrant remand. It is within the Commissioner's discretion to resolve any conflicts and ambiguities in the evidence and the Commissioner's decision must be upheld where the evidence is susceptible to more than one rational interpretation. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

### c. The ALJ's Identification of Additional Occupations Other than those Suggested by the Vocational Expert does not Constitute Reversible Error

Plaintiff contends that the ALJ "wrongly acted as her own vocational expert" in identifying additional occupations that Plaintiff could perform. Pl's Mot. for Summ. J. at 16-18. The ALJ, in her decision, noted that in addition to the agricultural sorting and usher jobs identified by McQuary, Plaintiff could also perform the jobs of scale operator, basket filler, and Mexican food maker. AR at 44. The ALJ did not elicit VE testimony in making this finding. Id. However, this Court takes no position as to whether the ALJ committed an error in identifying additional occupations because, as discussed above, her reliance on McQuary's testimony alone was sufficient evidence for concluding that Plaintiff could perform alternate occupations. Even if the ALJ's identification of additional occupations constituted error, Plaintiff has cited no authority authorizing this Court to reverse an ALJ's decision when the decision is otherwise supported by substantial evidence.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED**

Dated: September 3, 2013

_____
EDWARD J. DAVILA
United States District Judge